**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No.: 7:08-112-JMC |
| v. ) | |
| ) | **ORDER AND OPINION** |
| DWIGHT SPEARS, ) | |
| ) | |
| Petitioner. ) | |

This matter is before the court on Defendant Dwight Spears' ("Petitioner") *pro se*[1] Motion for Relief from Judgment. (ECF No. 457.) For the reasons set forth below, the court **DENIES** Petitioner's Motion.

## I.   RELEVANT BACKGROUND TO THE PENDING MOTION

On February 12, 2008, the Grand Jury indicted Petitioner, charging him with violating 18 U.S.C. § 115(a)(1)(A) by conspiring to murder a federal law enforcement officer, Special Agent Brian Bryan of the Federal Bureau of Investigation, with intent to intimidate or retaliate against Special Agent Bryan while he was engaged in, or on account of, the performance of his official duties. (ECF No. 13.) Thereafter, following a jury trial, Petitioner was found guilty on July 22, 2008. (ECF No. 117.) On December 4, 2008, he was sentenced to 240 months' imprisonment. (ECF No. 144.) Following an appeal, the United States Court of Appeals for the Fourth Circuit affirmed in part, vacated in part, and remanded for re-sentencing under 18 U.S.C. § 1114. *United*

---

[1] The court is required to interpret *pro se* documents liberally and such documents are held to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "special judicial solitude" with which a district court should view *pro se* motions "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

1

*States v. Spears*, 350 F. App'x 808 (4th Cir. 2009) (stating that the evidence did not support a conviction under § 115, but rather a conviction under § 1114).

On May 13, 2010, the sentencing court, in a Second Amended Judgment, re-sentenced Petitioner to 240 months' imprisonment. (ECF Nos. 209, 219, 220.) Subsequently, Petitioner filed a timely Notice of Appeal. (ECF No. 211.) The Fourth Circuit declined to address Petitioner's claims pursuant to the mandate rule, which precludes re-litigation of issues decided by the appellate court, but did remand the case for the correction of a clerical error in the judgment. *United States v. Spears*, 432 F. App'x 242, 243 (4th Cir. 2011) (indicating that the remand was for correction of the clerical error in the second amended judgment, showing that Petitioner was convicted under § 115 rather than § 1114). On August 18, 2011, the sentencing court issued a Third Amended Judgment wherein Petitioner was sentenced to a term of 240 months to run concurrently with the undischarged term of imprisonment imposed. (ECF No. 243.) Thereafter, Petitioner filed a petition for a writ of certiorari with the United States Supreme Court, which was denied. *Spears v. United States*, 132 S. Ct. 785 (2011).

Next, Petitioner filed a series of motions, beginning with a 28 U.S.C. § 2255 motion. (ECF No. 267.) This court granted summary judgment in favor of the government upon finding that Petitioner's claim was without merit because Petitioner's counsels' failure to call witnesses cannot be characterized as ineffective and prejudicial. (ECF No. 357 at 16.) Petitioner filed a Motion for Reconsideration (ECF No. 366), which this court denied as untimely. (ECF No. 391.) Petitioner then sought permission from the Fourth Circuit to file a second or successive application for habeas relief and his request was denied. (ECF No. 444.)

On September 21, 2020, Petitioner filed a Motion for Clarification of Sentence. (ECF No. 445.) In this Motion, Petitioner requested answers regarding an error that raised the level of his

2

classification at the Bureau of Prisons surrounding his sentencing under 18 U.S.C. § 1114. (*Id.*) This court denied this motion stating, "despite Defendant's restyling, it appears the Motion amounts to a successive petition under § 2255 because he attacks the same conviction and sentence while reusing previous arguments." (ECF No. 456.)

Turning to the instant matter, Petitioner filed a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4). (ECF No. 457.) In his Motion, Petitioner presents two (2) issues. First, he maintains that "the district court lacked subject matter jurisdiction under 18 U.S.C. § 3231 when it sentenced him to 18 U.S.C. § 1114 without an indictment from a grand jury." (*Id.* at 2.) Second, Petitioner contends that "the district court lacked subject matter jurisdiction when it sentenced the Petitioner to 18 U.S.C. § 1114 alone." (*Id.*)

## II.   LEGAL STANDARD

The Federal Rules of Criminal Procedure have no provisions governing motions for reconsideration. However, the rules and federal case law do recognize such motions can be proper in a criminal setting. *See* Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."); *United States v. Dieter*, 429 U.S. 6, 8 (1979) ("The fact that appeals are now routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity promptly to correct their own alleged errors."). Furthermore, "although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, 'motions to reconsider in criminal prosecutions are proper.'" *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (citing *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010)). Accordingly, the court looks to the Federal Rules of Civil Procedure for guidance.

Federal Rule of Civil Procedure 60(b) sets out six (6) grounds for relief from final judgment: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud or

3

misrepresentation; (4) void judgment; (5) satisfied judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The remedy provided by Rule 60(b) is "extraordinary and is only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979). The Rule 60(b)(6) "catchall" provision has "few textual limitations, [but] its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).

Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). Instead, a Rule 60(b) motion is treated as a successive habeas petition if it: (1) "seeks to add a new ground of relief;" or (2) "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). However, where a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not a successive habeas petition. *Id.*

### III.     ANALYSIS

In the instant Motion for Relief from Judgment, Petitioner maintains that the district court lacked subject matter jurisdiction and that the judgment is void. (ECF No. 457 at 2.) The court finds that Petitioner's Motion constitutes a successive habeas petition. In his first § 2255 Motion, Petitioner attacked the federal court's previous resolution of a claim on the merits by stating, "the district court lacked jurisdiction to impose any sentence under 18 U.S.C. § 1114 considering he was not indicted under that statute and the instant indictment was amended." (ECF No. 267 at 10.) Thereafter, through his Motion for Clarification of Sentence (ECF No. 445), Petitioner leveraged related claims from his original § 2255 Motion to challenge his conviction and sentence. In each

4

instance, the court carefully considered the arguments and ruled against Petitioner. (ECF Nos. 357, 456.) In his Motion for Relief from Judgment (ECF No. 457), Petitioner challenges the same conviction and sentence while reusing arguments previously made in his original § 2255 Motion as well as his Motion for Clarification of Sentence. Accordingly, Petitioner's Motion attacks the federal court's previous resolution of a claim on the merits and amounts to a successive habeas petition.

## IV.    CONCLUSION

After a thorough review, the court **DENIES** Dwight Spears' Motion for Relief from Judgment. (ECF No. 457.)

## V.    CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

June 24, 2022
Columbia, South Carolina