IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, | ) CR/A. No. 7:08-cr-00112-DCC-3 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| Dwight Spears | ) |
| | ) |

This matter comes before the Court on Defendant's Pro Se Motion for Compassionate Release. ECF No. 470. Counsel was appointed for Defendant, who filed a Response in Support, and the Government filed a Response in Opposition. ECF Nos. 476, 479. For the reasons set forth below, Defendant's Motion for Compassionate Release is denied without prejudice.

## I. BACKGROUND

On February 12, 2008, a Grand Jury returned an Indictment charging Defendant and two co-defendants with conspiring to murder a federal law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(A). ECF No. 13. On July 22, 2008, after a jury trial, Defendant was found guilty. ECF Nos. 116, 117. Defendant was sentenced to 240 months imprisonment. ECF No. 144, 209, 219, 220, 243.

On September 6, 2022, Defendant filed a Pro Se Motion for Compassionate Release. ECF No. 470. On September 14, 2022, the Court appointed the Federal Public Defender's Office to represent Defendant with respect to his Pro Se Motion for Compassionate Release. ECF No. 471. On October 19, 2022, counsel for Defendant filed a Response in Support, and on November 16, 2022, the Government filed a Response in Opposition. ECF Nos. 476, 479. Defendant subsequently filed a Pro Se

Reply to the Government's Response and a Pro Se Supplement to his motion. ECF Nos. 483, 485.[1] Accordingly, Defendant's Pro Se Motion for Compassionate Release is now before the Court.

## II. APPLICABLE LAW

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) permits modification of a term of imprisonment upon motion of the defendant after exhaustion of the defendant's administrative remedies. If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission," the court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

Although Congress did not define "extraordinary and compelling" reasons in § 3582(c)(1)(A), the Sentencing Commission addressed the issue in a Policy Statement—United States Sentencing Guideline (U.S.S.G.) § 1B1.13—which provided the BOP with several categories of "extraordinary and compelling reasons" to consider. *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020). For years following the passage of the First Step Act in 2018, the Sentencing Commission did not update § 1B1.13 to account for motions filed directly by defendants, meaning that the policy did not bind the courts when

---

[1] Defendant also filed a Pro Se Motion to delay ruling on his compassionate release motion until July 2024. ECF No. 490. Defendant cited his desire to complete two courses offered at the Bureau of Prisons ("BOP") and stated he needed through July 2024 to complete them. *Id.* at 490. Since the requested time period has passed prior to the Court ruling on Defendant's Motion, the Court finds Defendant's Motion to delay should be denied as moot.

presented with a defendant's motion for compassionate release. *Id.* at 281–82, 284. A court, therefore, remained "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284 (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)) (alteration and emphasis in original).

However, on November 1, 2023, the Sentencing Commission, via Amendment 814, amended U.S.S.G. § 1B1.13(b)(1)–(6) to address compassionate release motions brought directly by a defendant and to clarify and expand the list of what may qualify as an extraordinary and compelling reason to support a sentence reduction. The qualification list falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. The policy statement also recognizes the possibility that the BOP could identify other grounds that amount to extraordinary and compelling reasons.

The statute further instructs the court to "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2); *Kibble*, 992 F.3d at 331 (noting "a district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)" without considering the § 3553(a) factors). Therefore, in order to grant compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the district court must (1) find that "extraordinary and compelling reasons" warrant a reduction in the

prisoner's sentence, and (2) consider the applicable § 3553(a) factors in light of the prisoner's extraordinary circumstances. *Kibble*, 992 F.3d at 330, 332.

### III. DISCUSSION

**A. Exhaustion**

The First Step Act ("FSA") requires defendants to exhaust their administrative remedies before moving the Court for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). To satisfy the exhaustion requirement, "incarcerated persons must first ask the [Bureau of Prisons ("BOP")] to file a motion for compassionate release on their behalf, and then, either (1) appeal the BOP's failure to bring a motion on their behalf, or (2) allow 30 days to lapse after making the request." *Kibble*, 992 F.3d at 330 n.2.

Here, Defendant submitted a request to the Warden of his facility requesting compassionate release and/or home confinement, and the Warden denied the request on May 27, 2022. ECF No. 470-1 at 2. More than 30 days elapsed between when Defendant submitted his compassionate release request and when he filed his Motion for compassionate release. Accordingly, the Court finds that Defendant properly exhausted his administrative remedies and continues to the merits of his Motion.

**B. Extraordinary and Compelling Reasons**[2]

As an initial matter, the Parties disagree about whether the Court should consider Defendant's Motion under the new framework for compassionate release under the 2023 amendments to U.S.S.G. § 1B1. *See* ECF Nos. 492 at 3; 493 at 1–2. To this end, the

---

[2] Defendant makes several arguments attempting to raise § 2255 grounds for his release. *See* ECF No. 470 at 3–4. However, compassionate release under § 3582 is not appropriate vehicle for him to raise these claims, and the Court declines to address these arguments.

Government filed a Motion requesting updated briefing from Defendant to address the new framework under the amendment, to which Defendant filed a response in opposition. *Id*. Because, as explained below, the Court finds that Defendant has failed to demonstrate extraordinary and compelling reasons under either framework, it declines to set an amended briefing schedule and will decide this motion based on the filings currently in the record. Accordingly, the Government's Motion for additional briefing [492] is denied.

Defendant requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on his concerns about COVID-19, including COVID-19 operations at the BOP and Federal Correctional Facility ("FCI") Allenwood, and the fact that he suffered from pain, shortness of breath, and blurred vision after contracting COVID-19 in the past, despite being vaccinated. ECF Nos. 470 at 2–3; 476 at 7–8. Defendant contends that he remains concerned about COVID-19 despite being vaccinated because of his prior experience with COVID-19, including trouble using his C-PAP machine, which exacerbated his problem. ECF Nos. 470 at 3; 476 at 7. Defendant further argues that COVID-19 continues to be a problem in the BOP. ECF 476 at 7–8.

In contrast, the Government contends that Defendant's concerns about COVID-19 do not constitute an extraordinary and compelling reason that warrants early release. ECF No. 479 at 9. The Government contends that Defendant's general concerns about COVID-19 do not qualify as a medical condition under U.S.S.G. § 1B1.13, given that Defendant has been vaccinated against COVID-19 and does not suffer from a serious medical condition related to COVID-19. *Id.* at 10–11. The Government argues that if general concerns about COVID-19 qualified as extraordinary and compelling reasons,

5

such determinations would be detrimental to the BOP's efforts in addressing COVID-19, result in disparity of treatment among inmates, and undermine the criteria the BOP uses to ascertain eligibility for sentence reductions and home confinement. *Id.* at 10.

After careful consideration of the record, the arguments of the parties, and the applicable law, the Court finds that Defendant's Pro Se Motion for Compassionate Release should be denied. Courts in this district and elsewhere have found, particularly at the height of the pandemic, that COVID-19 may constitute an extraordinary and compelling reason to reduce a defendant's sentence in conjunction with specific risk factors such as age or medical condition. *See*, *e.g.*, *United States v. Griggs*, 462 F. Supp. 3d 610, 620 (D.S.C. 2020); *United States v. Bing*, CR. No. 1:15-cr-0637-JMC-1, 2020 WL 4043610, at *6 (D.S.C. July 17, 2020). However, additional, countervailing considerations lead the Court to find that no extraordinary and compelling reason for a reduction of sentence exists in this case. In the absence of evidence suggesting a particular risk of infection at the facility where a defendant is housed, and in light of the fact that highly effective vaccines are readily available to protect against contracting COVID-19 and enduring serious complications, the COVID-19 pandemic alone may no longer constitute an exceptional and compelling reason for compassionate release. Notably, Defendant has received his COVID-19 vaccination and booster shot. ECF Nos. 476 at 7; 482-2 at 55. Currently, updated COVID-19 vaccinations are available, which protect against contracting both the original COVID-19 virus and its variants, and the CDC recommends that individuals stay up to date on their COVID-19 vaccines for the most protection. *See CDC Recommends Updated COVID-19 Vaccine for Fall/Winter Virus Season* (Sept. 12, 2023), https://www.cdc.gov/media/releases/2023/p0912-COVID-19-Vaccine.html (last

visited Mar. 10, 2025).  Moreover, Defendant's intervening release to a residential reentry center moots his arguments about the conditions of his former prison facility, and the Court cannot determine, on the present record, whether his remaining in BOP custody at a halfway house poses a greater risk to him than would otherwise exist if he were released to the community.  See ECF No. 497 at 1. Accordingly, Defendant's Motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is denied.

**C. 18 U.S.C. § 3553(a) Factors**

The Court finds that, even if Defendant has demonstrated extraordinary and compelling circumstances, the factors enumerated in 18 U.S.C. § 3553(a) weigh against his early release.[3]  Defendant has a criminal history category of VI, and the offense for which he is presently incarcerated, conspiring to murder a federal agent, is serious in nature and poses a danger to the community. ECF No. 243; see also 18 U.S.C. § 3553(a)(1) (directing the court to consider "the history and characteristics of the defendant"); 18 U.S.C. § 3553(a)(2)(A) (addressing the need for the sentence "to reflect the seriousness of the offense").  Defendant has a significant criminal history with numerous convictions, including robbery, assault and battery, malicious injury to property,

---

[3] While it is necessary to first find that a sentence reduction is warranted by extraordinary and compelling circumstances in order to find the defendant eligible for such reduction, which, as explained above, are not present here, the Court will nevertheless address the factors under § 3553(a) out of an abundance of caution.  See United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("[A] court may find a defendant who filed a motion eligible for a sentence reduction after finding only that such a reduction is warranted by extraordinary and compelling reasons, which are not statutorily detailed."); see, e.g., United States v. Teryaeva-Reed, CR. No. 20-7655, 2022 WL 822167, at *2 (4th Cir. Mar. 18, 2022) (vacating and remanding the district court's order for a more complete explanation for the denial of defendant's motion for compassionate release, where the court did not explain whether it would have denied the motion based on the § 3553(a) factors).

7

forgery, bank fraud, possession of a stolen vehicle, breach of trust, grand larceny, petit larceny, financial card crime, and conspiracy to utter counterfeit checks. ECF No. 494-1 at 5–15. Defendant was convicted of a serious offense in this case and reducing his sentencing would not "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," or "afford adequate deterrence." 18 U.S.C. § 3553(a)(2)(A)-(B). Accordingly, the Court finds that the § 3553(a) factors weigh against granting relief.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's Pro Se Motion for Compassionate Release [470] is **DENIED WITHOUT PREJUDICE**. Defendant is free to file a renewed motion in the event of a material change in circumstances warranting a reduction of his sentence.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 25, 2025
Spartanburg, South Carolina